FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 11 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01165-BNB

(Removal from Elbert County District Court, In Re the Marriage of Lora Krista A/K/A Lora Spires and William H. Spires, Case No. 2010DR117)

LORA KRISTA,

    Plaintiff,

v.

WILLIAM H. SPIRES,

    Defendant.

---

ORDER FOR SUMMARY REMAND

---

Plaintiff, Lora Krista, has filed *pro se* a document titled "Notice of Removal." She has paid the $350.00 filing fee. Ms. Krista seeks the removal to this Court of Case No. 2010DR117, which appears to be a dissolution of marriage case filed in the Eighteenth Judicial District in Elbert County, Colorado.

The Court must construe the notice of removal liberally because Ms. Krista is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, this action will be summarily remanded to the state court.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." **Topeka Housing Authority v. Johnson**, 404 F.3d 1245, 1247 (10th

Cir. 2005). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

The Court has reviewed the notice of removal and finds that it is deficient. First, only defendants may remove an action from state court. *See* 28 U.S.C. § 1446(a). It is not clear that Ms. Krista is the defendant in this domestic case. In addition, Ms. Krista has failed to provide "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

With respect to the jurisdiction question, Ms. Krista attempts to remove from the state court a domestic case involving the dissolution of her marriage. As a general rule, the federal courts do not have jurisdiction over such matters because "'[t]he whole subject of the domestic relations of husband and wife . . . belongs to the laws of the States and not the law of the United States.'" *Rose v. Rose*, 481 U.S. 619 (1987) (quoting *In Re Burrus*, 136 U.S. 586, 593-94 (1890)). However, Ms. Krista asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1443. Notice at 2. Although § 1443 authorizes the removal to federal court of certain civil rights cases, the Court finds that the instant action may not be removed pursuant to § 1443.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421

U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Ms. Krista's conclusory reference to "racist and/or threatening emails which were forwarded to her from Mr. Spires" does not demonstrate that she has been denied any rights based on her race. Notice at 2.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Ms. Krista has failed to provide the court with specific factual allegations regarding her inability to enforce her constitutional rights in the state court divorce proceeding. Therefore, removal pursuant to § 1443(1) is not appropriate.

3

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate. Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Ms. Krista does not allege that she is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the Notice of Removal and attached exhibits that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that this action is remanded summarily to the Eighteenth Judicial District in Elbert County, Colorado. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the Eighteenth Judicial District in Elbert County, Colorado.

DATED at Denver, Colorado, this  11th  day of    May           , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01165-BNB

Lora Krista
PO Box 84
2110 Elk Meadows Cir
Elbert, CO 80106

Cheryl Layne - **CERTIFIED**
751 Ute St
PO Box 232
Kiowa, CO 80117

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk